**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Case No. 1-20-00841 |
| | : | |
| CRAIG B. DEIMLER, | : | |
| WILLIAM OLIVER FISHER-DEIMLER, | : | |
| Debtors | : | Chapter 13 |

## OBJECTION TO CH. 13 PLAN
## BY JOHN AND CYNTHIA SIMPKINS

AND NOW, this 12th day of May 2020, come John and Cynthia Simpkins (hereinafter the "Creditors"), and objects to the Debtors' Chapter 13 Plan as follows:

1. The Debtors' petition contains deliberately false information, including that Debtor Craig Deimler has not used any business name or EIN within the last 8 years, that he is not a sole proprietor, and that his debts are primarily consumer debts.

2. Debtors' B22 lists Capital Region Water as a creditor secured against various properties including 2106 Bellevue, but that property is not listed on Schedule A.

3. Debtors' B22 lists payments to be made on timeshares that are being surrendered.

4. Debtors' SFA does not list wages for 2019.

5. Debtors' residence, which is owned by an LLC and not Debtors individually, is far underwater, such that retaining it is merely a drain from the funds that would otherwise be available to pay creditors (and, further, it is believed that Debtors are unable to act individually relative to the debt of the LLC plus there is no lease between BFCD LLC and Debtors listed for this property).

6. Debtors list a 2019 Ford Expedition (which is under water by almost $15,000), a VW Jetta, a Ford Escape, and a Ford Mustang (which is underwater by over $7,000).

7. Clearly two (2) Debtors do not need 4 vehicles (and, further, all but the Expedition are owned by the BFCD LLC and not Debtors individually, nor is there listed any lease between BFCD LLC and Debtors for the vehicles).

8. Debtors also list 2 mink coats as being worth $1,000; Creditors believe the minks are undervalued, such that there is non-exempt value available for creditors.

9. Debtors' Schedule J lists the following expenses that are unreasonably high and should both be supported by documentation and proven necessary to Debtors' reorganization:

   a. $833/mo for real estate taxes on the residence (owned by the LLC)

   b. $500/mo electric

   c. $200/mo water/sewer/trash

   d. $150/mo clothing/laundry

   e. $490/mo transportation

   f. $200/mo entertainment

   g. $969/mo Ford Expedition

   h. $560/mo Ford Mustang

   i. Disney Timeshare (with no amount listed)

10. Debtors also list a monthly expense of $700 for a piano when the income they make presumably related to the piano is less than that. Clearly the piano is not necessary for Debtors' reorganization.

11. Likewise, Debtors list a monthly expense of $3470 for mortgages other than on the residence, but only $900/mo income form the other properties. Clearly the other properties are not necessary to the Debtors' reorganization.

12. Debtors' Plan proposes to pay outside of the Plan on the piano, a Disney time share, the Expedition, the Jetta, and various residential and non-residential mortgages

13. As noted above, the piano, time share, Expedition and non-residential real estate are not necessary to the Debtors' reorganization, such that the amounts paid on same should be made available to creditors.

14. Further, Debtors' need not make payments on the Mustang when they can pay a lesser amount for the Jetta, thus making for funds available for creditors.

15. Debtors' Plan was not filed in good faith, such that it cannot be confirmed pursuant to Code Section 1325(a)(3).

WHEREFORE, the Creditors respectfully requests that confirmation of the Plan be denied, and for such other relief as may be just and appropriate.

**Austin Law Firm LLC**

By: /s/ *Sara A. Austin*
Sara A. Austin, Esq.
226 E. Market Street
York, PA 17403
717-846-2246
Supreme Ct. I.D. No. 59052
Counsel for Creditor

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 12, 2020, a true and correct copy of the foregoing document was or will be served on the following via ECF:

Dorothy L. Mott, Esq.
    Counsel for Debtor

Charles J. DeHart, III, Trustee
    Ch. 13 Trustee

/s/ *Sara A. Austin*