IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| CRAIG BRADLEY DEIMLER | : | |
| WILLIAM OLIVER FISHER-DEIMLER | : | CASE NO. 1:20-bk-00841 |
| aka William Oliver Fisher Deimler; fka | : | |
| William Oliver Fisher, | : | |
|     Debtors | : | |
| | : | |
| CRAIG BRADLEY DEIMLER | : | |
| WILLIAM OLIVER FISHER-DEIMLER | : | |
| aka William Oliver Fisher Deimler; fka | : | OBJECTION TO CLAIM # 34 |
| William Oliver Fisher, | : | |
|     Movants | | |
| v. | | |
| JOHN & CINDY SIMPKINS, | | |
|     Respondent/Claimant | | |

**DEBTOR'S BRIEF IN SUPPORT
OF OBJECTION TO PROOF OF CLAIM #34**

On March 4, 2020, the Debtors, Craig Deimler and William Fisher-Deimler, filed a chapter 13 bankruptcy. On May 12, 2020, respondents, Cynthia Kramer (a/k/a Cindy Simpkins) and John Simpkins filed a general unsecured proof of claim in the amount of $130,000.00 (claim #34) in the Debtors' chapter 13 case against Craig Deimler. The claim consists of the official form and page two of the claim lists as its basis "breach of contract." There are no attachments to the claim. The Respondents did not file a claim against William Fisher-Deimler.

On June 24, 2020, the Debtors filed an objection to claim of John and Cindy Simpkins. At the heart of the Debtors' objection is that Craig Deimler is not liable for any money that might be owed to the Respondents and therefore, the claim should be dismissed. Rule 3001(c) requires that when a claim is based upon a writing, those documents must be attached to the proof of claim. Technically, there were no documents attached to the original claim; however,

Respondent's counsel later provided to Debtors' counsel a copy of the signed contract, an invoice, and checks which had been made out to GCD Construction, Inc. and its dba, Deimler Family Construction by an entity named "Midatlantic Wildlife Control."

All of the payments made under the contract were made payable to "GCD Construction" or "Deimler Family Construction." None were made out to "Craig Deimler." Interestingly, it does not even appear that any of the payments were made by the Simpkins; rather the payments for the contract came from "Midatlantic Wildlife Control." The parties have been treating these documents as attachments to the proof of claim. See attached Exhibit.

On August 20, 2018, the Simpkins had entered into a contract for construction work with GCD Construction, Inc., dba Deimler Family Construction. The contract is very clearly a contract between the Respondents and GCD Construction, Inc., dba Deimler Family Construction. There is no ambiguity as to who the parties are because the plain language of the contract makes it obvious who the parties are. First of all, the contract is written on letterhead of the corporation. Every single page of the first eleven pages of the contract includes GCD Construction, Inc.'s name and address at the bottom left hand corner. The Respondent, Cynthia Kramer initialed each of the eleven pages.

Page 8 of the contract has a block for the signature of the "Company Representative" and an Owner's Acceptance signature block for the Respondents. Within the Owner's Acceptance block, it states that :

> **The foregoing terms, specifications, plans as attached (if applicable) and conditions are satisfactory and are hereby agreed to and made part of this agreement.**
>
> **GCD Construction, Inc., dba Deimler Family Construction is hereby authorized to do the work as specified and payment will be made as outlined above.**

> **The Owner upon signing this agreement represents... that he/she has read, and agrees to, this agreement and Terms and General Conditions (below).**

Page 9 of the contract plainly states that "Deimler Family Construction (hereinafter referred to as Contractor) agrees to complete the work...." Therefore, it is even more clear that the "Contractor" means the corporation, and not any individual in his or her personal capacity. Likewise, there is no mention anywhere on any of the pages anything to do with the personal liability of Craig Deimler.

Every single page of the sketches (contract pages 12 through 24) includes the copyright language of GCD Construction: "COPYRIGHT (c) 2012 BY GCD CONSTRUCTION INC. ALL PLANS AND SPECIFICATIONS OF GCD CONSTRUCTION INC. ARE THE PROPERTY OF GCD CONSTRUCTION INC. NO USE OR ALTERATIONS TO PLANS OR SPECIFICATIONS MAY BE MADE WITHOUT WRITTEN APPROVAL FROM GCD CONSTRUCTION INC." Again, this makes it clear that the contract is with GCD Construction, Inc. and not Craig Deimler as an individual. Craig Deimler's name is not typed anywhere on the contract. All of the payments made under the contract were made payable to "GCD Construction" or "Deimler Family Construction." None were made to "Craig Deimler."

In the case at hand, there is no contention that the contract is not fully integrated. The eleventh page of the contract has a standard merger clause, which states:

> **ENTIRE AGREEMENT**
>
> **This Agreement, including any amendments agreed to and signed by the Contract and Owner and the notices and supplements which are attached an made a part of this Agreement, constitutes the entire agreement between**

> **Contractor and Owner. This contract supersedes all previous proposals, representations, understandings, and communications among the parties, whether written or oral. No changes, additions, or amendments to this Contract whatsoever are binding absent a writing signed by the Contractor and Owner.**

It is well established that the parol evidence rule bars any extrinsic evidence of prior representations of the parties if the contract is fully integrated. See *Rahemtulla v. Hassam*, 539 F.Supp.2d 755, 772 (M.D.Pa.2008) (citations omitted). If a written contract contains an integration clause, the court may not consider any other evidence of the parties' agreement outside the four corners of the contract. *Id.*

Likewise, when the terms of a contract are clear and unambiguous, courts determine their meaning from the four corners of the contract. The contract in this case clearly identifies the party to the contract as GCD Construction, Inc., d.b.a. Deimler Family Construction. Craig Deimler is not identified anywhere in the typed contract. He did not personally guarantee any debt and no checks were made payable to his name. There is absolutely no ambiguity in the identity of the parties to the contract. Under Pennsylvania law, when a term in an agreement is clear and unambiguous, its meaning "must be determined from the four corners of the contract." *Glenn Distribs. Corp. v. Carlisle Plastics, Inc.*, 297 F.3d 294, 300 (3d Cir. 2002) (citing *Steuart v. McChesney*, 444 A.2d 659, 661 (Pa. 1982)). As Judge Eric Frank explained has explained in in a fairly recent bankruptcy case:

> **The determination whether a contract is ambiguous is a question of law determined by the court. The court makes this determination by considering, from an objective standpoint, whether the language in the contract is reasonably susceptible**

> **to at least two (2) different interpretations. In making the determination whether an ambiguity exists, a court must consider the words of the agreement, alternative meanings suggested by counsel, and extrinsic evidence offered in support of those meanings. In evaluating the language of the contract, a court should give the words their plain and ordinary meaning. A contract is not rendered ambiguous merely because the parties do not agree on its meaning.** *Marchese v. McCauley*, Bky. No. 16-13810 ELF, Adv. No. 17-189, (Bankr. E.D.Pa 2018)(citing *In re the Baptist Home of Phila.*, 525 B.R. 236, 242-43 (Bankr. E.D. Pa. 2014) (footnotes and quotations omitted).

Here, the language of the contract is clear that it is a contract between a GCD Construction, Inc., d.b.a. Deimler Family Construction and the Respondents. The Court should give the words their plain and ordinary meaning and not allow Respondent to seek an alternative interpretation merely because they want Craig Deimler to be liable for the debt.

The fact that GCD Construction, Inc., d.b.a. Deimler Family Construction is a party to the contract (as opposed to Craig Deimler) is reinforced by the fact that the GCD Corporation used its company letterhead for every single page of the typed contract and used its corporate Copyright mark for every single page of the the plans portion of the contract. The contract words and copyright marks are simply unambiguous. The Court should give effect to their plain meaning. The contract is not reasonably susceptible to the interpretation suggested by Respondent.

WHEREFORE, the Debtors respectfully request that this Court disallow and dismiss the proof of claim filed by the Respondents and grant such other relief to the Debtors as this Court deems just.

Respectfully submitted,

/s/ Kara K. Gendron
Kara K. Gendron, Esquire
Attorney ID 87577
Mott & Gendron Law
125 State Street
Harrisburg, PA 17101
(717) 232-6650 TEL
(717) 232-0477 FAX
karagendron@gmail.com