UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Case No. 1-20-00841 |
| | : | |
| CRAIG B. DEIMLER, | : | |
| WILLIAM OLIVER FISHER-DEIMLER, | : | |
| Debtors | : | Chapter 13 |

## OBJECTION TO SECOND AMENDED CH. 13 PLAN
## BY JOHN AND CYNTHIA SIMPKINS

AND NOW, this 22nd day of February 2021, come John and Cynthia Simpkins (hereinafter the "Creditors"), and object to Debtors' 2nd Amended Chapter 13 Plan as follows:

1. The Debtors' petition contains deliberately false information, including that Debtor Craig Deimler has not used any business name or EIN within the last 8 years, that he is not a sole proprietor, and that his debts are primarily consumer debts.

2. Debtors' B22 lists Capital Region Water as a creditor secured against various properties including 2106 Bellevue, but that property is not listed on Schedule A.

3. Debtors still intend to retain and make payments on 1 or more timeshares, meaning they intend to vacation at their creditors' expense.

4. Debtors' SFA does not list wages for 2019.

5. Debtors' residence, which is owned by an LLC and not Debtors individually[1], is far underwater, such that retaining it is merely a drain from the funds that would otherwise be available to pay creditors (and, further, it is believed and therefore averred that (a) Debtors are unable to act individually relative to the debt of the LLC and (b) there is no lease between BFCD LLC and Debtors listed for this property).

---

[1] Creditors believe there is a question as to whether the Debtors' residence is even an asset of the Estate given how it is titled.

6. Debtors list as assets on Schedule B a 2019 Ford Expedition (which is under water by almost $15,000), a VW Jetta, a Ford Escape, and a Ford Mustang (which is underwater by over $7,000).

7. Two (2) Debtors do not need 4 vehicles; Debtors' 2nd Amended Plan provides that their corporate entity will make payments on the Jetta and Ford Expedition such that they do not need the other 2 vehicles (including the Mustang for which payments are included in the Plan and come out of the pockets of creditors).

8. Debtors' Schedule B lists 2 mink coats as being worth $1,000; Creditors believe the minks are undervalued, such that there is non-exempt value available for creditors.

9. Debtors' Schedule J lists the following expenses that appear to be unreasonably high and for which supporting documentation should be provided along with the reason why same are necessary to Debtors' reorganization:

   a. $833/mo for real estate taxes on the residence (owned by the LLC – see Paragraph 5 above)

   b. $500/mo electric

   c. $200/mo water/sewer/trash

   d. $150/mo clothing/laundry

   e. $490/mo transportation

   f. $200/mo entertainment

   g. $560/mo Ford Mustang (see also Paragraph 7 above)

   h. Disney Timeshare (see also Paragraph 3 above)

10. The 2nd Amended Plan also provides to cure both pre- and post-petition arrears and continue to pay the monthly expense of $700 for a piano, but the income related to the piano

is less than the monthly payment (and amount necessary to cure the arrears). The piano is not necessary for Debtors' reorganization, but rather is a further drain on the monies otherwise available for creditors.

11. Likewise, Debtors list monthly expenses of $3470 for mortgages other than on the residence, but only $900/mo income from the other properties. The other properties are not necessary to the Debtors' reorganization and are yet another drain on monies otherwise available to creditors.

12. The 2nd Amended Plan further provides for a cure of post-petition arrears on the Mercer property for which the stay has been lifted.

13. As noted above, the piano, timeshare(s), Mustang, and non-residential real estate are not necessary to the Debtors' reorganization, such that the amounts listed in the 2nd Amended Plan to be paid on account of same should instead be paid to creditors.

14. The payment tiers in the 2nd Amended Plan do not conform to their disposable income, now or in the future.

15. Debtors' 2nd Amended Plan was not filed in good faith, such that it cannot be confirmed pursuant to Code Section 1325(a)(3).

WHEREFORE, the Creditors respectfully requests that confirmation of the 2nd Amended Plan be denied, and for such other relief as may be just and appropriate.

**Austin Law Firm LLC**

By: /s/ *Sara A. Austin*
Sara A. Austin, Esq.
226 E. Market Street
York, PA 17403
717-846-2246
Supreme Ct. I.D. No. 59052
Counsel for Creditors

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February22, 2021, a true and correct copy of the foregoing document was or will be served on the following via ECF:

Dorothy L. Mott, Esq.
Kara Gendron, Esq.
    Counsel for Debtor

Charles J. DeHart, III, Trustee
    Ch. 13 Trustee

                                        /s/ *Sara A. Austin*