UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | Case No. 20-00841-HWV |
| CRAIG BRADLEY DEIMLER and WILLIAM OLIVER FISHER-DEIMLER, | : : | Chapter 13 |
| Debtors. | | |
| SECRETARY OF LABOR, | : | Case No. 20-00841-HWV |
| Movant, | : | Chapter 13 |
| v. | : | |
| CRAIG BRADLEY DEIMLER and WILLIAM OLIVER FISHER-DEIMLER, | : : | |
| Respondents. | | |

## CONSENT ORDER

This Consent Order by and between Debtors, Craig Bradley Deimler and William Oliver Fisher-Deimler ("Debtors"), and the Secretary of Labor, United States Department of Labor ("Secretary"), is based on the following averments:

1. On March 4, 2020 Debtors filed a Petition for Relief under Chapter 13 of the Bankruptcy Code with this Court. ECF 1.

2. Debtors acted as fiduciaries to the GCD Construction, Inc., SIMPLE IRA Plan ("Pension Plan").

3. GCD Construction, Inc. ("Company") filed a petition under Chapter 7 and is no longer in business.

4. Debtors listed debts owed to several former employees of the Company for

employee contributions to the Pension Plan which were withheld from their wages but not remitted to the Pension Plan. ECF 40.

5. The Secretary liquidated his proof of claim on August 31, 2020.

6. The Secretary itemized $15,894.46 owed in withheld but unremitted employee contributions to the Pension Plan by Debtors.

7. The Secretary also itemized $18,975.54 in missing employer contributions to the Pension Plan; $4,436.43 in interest owed on late and missing employee and employer contributions; and, $7,861 owed as a Section 502(l) penalty under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(l).

8. Debtors and the Secretary have reached an agreement and the $15,894.46 in withheld employee contributions to the Pension Plan will be treated as an accepted unsecured priority claim under Section 1322(a)(2) of the Bankruptcy Code which requires that priority claims be paid in full. 11 U.S.C. § 1322(a)(2).

9. Debtors' breach of their fiduciary duties to the Pension Plan in withholding but not remitting the $15,894.46 in employee contributions constitutes a defalcation while acting in a fiduciary capacity in violation of Section 523(a)(4) of the Bankruptcy Code, 11 U.S.C. § 523(a)(4), which precludes the debt to the Pension Plan from being discharged in bankruptcy if it is not paid in full.

10. The total of $31,272.97 in missing employer contributions to the Pension Plan, interest owed on late and missing employee and employer contributions, and Section 502(l) penalty will be treated as an accepted unsecured non-priority claim.

11. The Chapter 13 Trustee, Charles J. DeHart, III, was contacted through counsel and

stated that he has no objection to this Consent Order.

WHEREFORE, based on the above averments, the parties hereto request entry of this Consent Order.

| | |
|---|---|
| Debtors Craig Bradley Deimler and William Oliver Fisher-Deimler | Elena S. Goldstein<br>Deputy Solicitor of Labor |
| By: /s/ Dorothy L. Mott<br>   Dorothy L. Mott, Esquire<br>   Counsel for Debtors | Oscar L. Hampton III<br>Regional Solicitor |
| Mott & Gendron<br>125 State Street<br>Harrisburg, PA 17101 | Richard T. Buchanan<br>Acting Regional Counsel for ERISA |
| Date: March 4, 2021 | /s/ John M. Strawn<br>John M. Strawn<br>Attorney |
| | Office of the Solicitor<br>1835 Market Street, 22nd Floor<br>Philadelphia, PA 19103-2968 |
| | U.S. DEPARTMENT OF LABOR |
| | Date: March 4, 2021 |

Based on the foregoing averments agreed to by the parties, the parties' Consent Order is APPROVED. Approved by the Court on this ____ day of _____, 2021.

BY THE COURT

_____
HENRY W. VAN ECK
United States Bankruptcy Judge

3

Case 1:20-bk-00841-HWV    Doc 150    Filed 03/04/21    Entered 03/04/21 15:44:08    Desc
Main Document    Page 3 of 3