## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Craig Bradley Deimler<br>William Oliver Fisher-Deimler aka William<br>Oliver Fisher Deimler fka William Oliver Fisher<br><u>Debtor</u> | CHAPTER 13 |
| M&T BANK <u>Movant</u><br><br>vs. | NO. 20-00841 HWV |
| Craig Bradley Deimler<br>William Oliver Fisher-Deimler aka William<br>Oliver Fisher Deimler fka William Oliver Fisher<br><u>Debtors</u> | |
| Jack N. Zaharopoulos, Esquire<br><u>Trustee</u> | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The current arrearage on the second mortgage held by the Movant (last four digits of the loan number being 4998) on the Debtor's residence located at 3205 Elmwood Drive, Harrisburg, PA 17110, is **$14,699.19,** which breaks down as follows:

| Post-Petition Payments: | | |
|---|---|---|
| | 9/8/2020 | $766.32 |
| | 10/8/2020 | $694.64 |
| | 11/8/2020 | $737.65 |
| | 12/8/2020 | $751.98 |
| | 1/8/2021 | $708.98 |
| | 2/8/2021 | $738.20 |
| | 3/8/2021 | $695.74 |
| | 4/8/2021 | $738.86 |
| | 5/8/2021 | $724.49 |
| | 6/8/2021 | $767.61 |
| | 7/8/2021 | $695.74 |
| | 8/8/2021 | $738.86 |
| | 9/8/2021 | $753.24 |
| | 10/8/2021 | $710.11 |
| | 11/8/2021 | $738.86 |

| | |
|---|---|
| 12/8/2021 | $738.86 |
| 1/8/2022 | $724.49 |
| 2/8/2022 | $781.99 |
| 3/8/2022 | $681.37 |
| 4/8/2022 | $710.11 |
| 5/8/2022 | $724.49 |
| Suspense Balance: | ($623.40) |

**Total Arrears**      **$14,699.19**

2.      The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the arrears of **$14,699.19.**

b). Movant shall file a Proof of Claim to include the total arrears of **$14,699.19.** Debtor does not object to this Claim being filed after the bar date.

c). The 410A form for a Proof of Claim shall not be required for this Proof of Claim.

3.      Beginning with the payment due June 8, 2022 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $768.49 (or as adjusted pursuant to the terms of the mortgage).

4.      Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5.      In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation and/or Debtor fails to file an Amended Plan, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6.      If the case is converted to Chapter 7, Movant may file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.      The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.      The parties agree that a facsimile signature shall be considered an original signature.


Date:    May 26, 2022                    /s/ Rebecca A. Solarz, Esquire
                                         Rebecca A. Solarz, Esquire
                                         Attorney for Movant



Date: 5/27/2022                          _____
                                         John M. Hyams, Esquire
                                         Attorney for Debtor



Date: 5/31/2022                    For   _____
                                         Jack N. Zaharopoulos, Esquire
                                         Chapter 13 Trustee