IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CRAIG BRADLEY DEIMLER | : | CHAPTER 13 |
| WILLIAM OLIVER FISHER-DEIMLER | : | |
| Debtor | : | |
| | : | |
| JACK N. ZAHAROPOULOS | : | |
| STANDING CHAPTER 13 TRUSTEE | : | |
| Objectant | : | |
| | : | |
| vs. | : | CASE NO. 1:20-bk-00841-HWV |
| | : | |
| JOHN M. HYAMS, ESQUIRE | : | |
| Applicant | : | |

**TRUSTEE'S OBJECTION TO FIRST
APPLICATION OF ATTORNEY FOR CHAPTER 13 DEBTOR
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

AND NOW, this 7th day of October, 2022, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Douglas R. Roeder, Esquire, who objects, pursuant to 11 U.S.C. § 330(a)(2), to the First Application of Attorney for Chapter 13 Debtor for Compensation and Reimbursement of Expenses filed on September 16, 2022 and states as follows:

**Facts**

1. Objectant Jack N. Zaharopoulos is the duly appointed Trustee in this case and, therefore, the representative of the Estate under § 323(a).

2. On March 4, 2020, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code.

3. On September 16, 2022, Applicant filed his First Application for Interim Compensation and Reimbursement of Expenses. (ECF No. 237).

4. The District has determined that $4,500.00 is a presumptively reasonable fee for an attorney representing a Debtor in a Chapter 13 Bankruptcy filed in this District throughout the conclusion of the case. L.R. 2016-2 (c)

1

5. Applicant's First Fee Application requests $11,820 in compensation and reimbursement of expenses. (ECF No. 237).

6. Debtor was originally represented by Mott & Gendron Law who took the presumably reasonable fee in the amount of $4,500 with an additional $500 granted in the Third Amended Plan. (ECF No. 141, 183).

7. Applicant entered their appearance in the case on May 18, 2021. (ECF No. 188).

8. The current plan payment is $2,000 until May of 2023 when the payment will increase to approximately $4,734.45 per the Fourth Amended Plan. (ECF No. 239). The monthly net income provided on Schedule J is $199.49. (ECF No. 20).

## Applicable Law

9. Under § 330(a), the Court may award reasonable compensation for actual, necessary services rendered by the attorney and paraprofessionals employed by the attorney, the reasonableness to be based on (i) the nature of the services, (ii) the extent of the services, (iii) the value of the services, (iv) the time spent on the services and (v) the cost of comparable services in non-bankruptcy cases. *See In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 840 (3rd Cir. 1994).

10. Chapter 13 debtors' attorneys may be awarded fees pursuant to § 330(a)(4)(B), which allows reasonable fees for representing the interests of Chapter 13 debtors in connection with the bankruptcy case "based on consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." Attorney fees are subject to Court review for reasonableness irrespective of whether the debtor is in agreement with the fee amount. § 329(b); *In re Parilla*, 530 B.R. 1, 10 (Bankr. D.P.R. 2015).

11. The Third Circuit has noted that "[d]isagreeable as the chore may be, the bankruptcy court must protect the estate, lest overreaching attorneys or other professionals drain it of wealth which by right should inure to the benefit of unsecured creditors." *Busy Beaver,* 19 F.3d at 844 (citation omitted).

12. The "court shall not allow compensation for (i) unnecessary duplication of services; or (ii) services that were not (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." § 330(a)(4)(A).

13. The Court must conduct an objective inquiry based upon what services a reasonable lawyer or law firm would have performed in the same circumstances. *In re Fleming Companies, Inc.*, 304 B.R. 85, 89-90 (Bankr. D. Del. 2003). A "judge's experience with fee petitions and his or her expert judgment pertaining to appropriate billing practices, bounded on an understanding of the legal profession, will be the starting point for any analysis." *Id.* (citing *Busy Beaver*, 19 F.3d at 854). When making its consideration, the Court is not required to make a line-by-line analysis of the fee application, and a sampling will suffice. *See*, e.g., *In re Maruko, Inc.*, 160 B.R. 633, 642 (Bankr. S.D. Cal. 1993). Since "its time is precious, the reviewing Court need only correct reasonable discernible abuses, not pin down to the nearest dollar the precise fee to which the professional is ideally entitled." *Busy Beaver*, 19 F.3d 833 at 844-845.

14. The Court may use a percentage deduction as a practical means of "trimming fat from a fee application" if the Court determines that some of the time claimed by a party should be excluded. *In re Nicholas*, 496 B.R 69, 76 (Bankr. E.D.N.Y. 2011). *See also In re Old Summit Mfg., LLC*, 323 BR. 154, 162-163 (Banr. MD. Pa. 2004) (50% reduction); *In re Sullivan,* 674 F.3d 65 (1st Cir. 2012); *In re Claudio*, 459 B.R. 500 (Bankr. D. Mass. 2011); *In re Spillman Dev. Grp., Ltd.,* 376 B.R. 543 (Bankr. W.D. Tex. 2007).

3

Case 1:20-bk-00841-HWV    Doc 243    Filed 10/07/22    Entered 10/07/22 11:13:14    Desc
Main Document      Page 3 of 6

## Analysis and Facts Specific to the Present Fee Application

15. The Trustee avers the current monthly net income listed on Schedules I and J is insufficient to support the plan payment for the time period of October 2022 to March 2027, and would therefore render the plan unfeasible.

16. The Trustee further avers, the First Fee Application is not reasonable for the following reasons:

    a. The Fee Application includes charges that are excessive and therefore not allowed under § 330(a):

        1) On May 18, 2021 Applicant charged 3.9 hours in the amount of $1,462.50 for "Review Docket, Schedules, Plans & relevant Pleadings" which is an excessive amount of time for the services provided.

    b. The Fee Application includes charges that are duplicative and therefore not allowed under § 330(a):

        1) On August 10, 2021 Paralegal charged .3 hours in the amount of $45 for "Receipt/Review Email regarding M&T Bank HELOC." Then on August 10, 2021 Applicant also charged .2 in the amount of $75 for "Receipt/Review Email regarding M&T Bank HELOC" which is duplicative and should have only been charged once.

4

WHEREFORE, the Trustee respectfully requests this Honorable Court to set a hearing on the Application and, after hearing, appropriately adjust Applicant's request for compensation.

Respectfully submitted,

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Douglas R. Roeder
Attorney for Trustee

# **CERTIFICATE OF SERVICE**

AND NOW, this 7th day of October, 2022, I, Elizabeth Fitzgerald, hereby certify that I served a copy of this Objection either electronically or by depositing the same in the United States Mail, at Hummelstown, Pennsylvania, postage prepaid, first class, addressed to the following:

John M. Hyams, Esquire
2023 N 2nd Street, Suite 203
Harrisburg, PA 17102
jmh@johnhyamslaw.com

/s/Elizabeth Fitzgerald
Paralegal for Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097