# MARITAL SETTLEMENT AGREEMENT

THIS AGREEMENT made this 19th day of December, 2012 by and

between MELISSA I. DEIMLER, 3205 Elmwood Drive, Harrisburg, Dauphin County,

Pennsylvania (hereinafter referred to as "Wife"), and CRAIG B. DEIMLER, 2422 Mercer

Street, Harrisburg, Dauphin County, Pennsylvania (hereinafter referred to as

"Husband"),

    WITNESSETH:

    WHEREAS, the parties hereto are husband and wife, having been lawfully

married on September 24, 1994 at Steelton, Pennsylvania;

    WHEREAS, the parties separated on January 13, 2012;

    WHEREAS the parties are the parents of the following minor children: Megan I.

Deimler (DOB 7/8/97), Abigail E. Deimler (DOB 9/16/99) and Rebecca L. Deimler (DOB

3/17/06); and

    WHEREAS, the parties hereto are desirous of modifying the terms of the divorce

decree and further settling fully and finally their respective financial and property rights

and obligations as between each other, including, without limitation, the settling of all

matters between them relating to the ownership of real and personal property, and in

general, the settling of any and all claims and possible claims by one against the other

or against their respective estates.

    AND NOW, THEREFORE, in consideration of these premises, and of the mutual

promises, covenants, and undertakings hereinafter set forth, and for other good and

valuable consideration, receipt and sufficiency of which is hereby acknowledged by

Created with Scanner Pro

each of the parties hereto, Husband and Wife, each intending to be legally bound hereby, covenant and agree as follows:

1.    <u>ADVICE OF COUNSEL</u>.  The provisions of this Agreement and their legal effect have been fully explained to the parties by their respective counsel, Elizabeth S. Beckley for Husband, and Pamela L. Purdy for Wife.  Each party acknowledges that he or she has received independent legal advice from counsel of his or her selection, and that each fully understands the facts and has been fully informed as to his or her legal rights and obligations, and each party acknowledges and accepts that this Agreement is, in the circumstances, fair and equitable, and that it is being entered into freely and voluntarily, after having received such advice and with such knowledge, and that execution of this Agreement is not the result of any duress or undue influence, and that it is not the result of any improper or illegal agreement or agreements.  In addition, each party hereto acknowledges that he or she has been fully advised by his or her respective attorney of the impact of the Pennsylvania Divorce Code, whereby the court has the right and duty to determine all marital rights of the parties including divorce, alimony, alimony pendente lite, equitable distribution of all marital property or property owned or possessed individually by the other, counsel fees and costs of litigation and, fully knowing the same and being fully advised of his or her rights thereunder, each party hereto still desires to execute this Agreement, acknowledging that the terms and conditions set forth herein are fair, just and equitable to each of the parties, and waives his and her respective right to have the Court of Common Pleas of Dauphin County, or any other court of competent jurisdiction, make any determination or order affecting the

Created with Scanner Pro

respective parties' rights to a divorce, alimony, alimony pendente lite, equitable

distribution of all marital property, counsel fees and costs of litigation.

2.    <u>DISCLOSURE OF ASSETS</u>.  Each of the parties hereto acknowledges

that he or she is aware of his or her right to seek discovery, including but not limited to,

written interrogatories, motions for production of documents, the taking of oral

depositions, the filing of inventories, and all other means of discovery permitted under

the Pennsylvania Divorce Code or the Pennsylvania Rules of Civil Procedure.  Each of

the parties further acknowledges that he or she has discussed with counsel the concept

of marital property under Pennsylvania law and each is aware of his or her right to have

the real and/or personal property, estate and assets, earnings and income of the other

assessed or evaluated by a court of this Commonwealth or any other court of

competent jurisdiction.  Husband and Wife represent and warrant that each has

disclosed to the other in full his or her respective assets, liabilities and income and that

this Agreement was negotiated and entered into on the basis of those disclosures.  The

parties hereby acknowledge and agree that the division of assets as set forth in this

Agreement is fair, reasonable and equitable and is satisfactory to them.  The remedies

available to either party for breach or violation of this provision shall be those remedies

available pursuant to law and equity.  Each party retains the right to assert a claim

against the other for failure to fully and fairly disclose his or her income, assets and

liabilities, if it is later determined that there has been a failure to disclose, including but

not limited to a claim of constructive trust.

Created with Scanner Pro

3. <u>PERSONAL RIGHTS</u>. Husband and Wife may and shall, at all times hereafter, live separate and apart. Each shall be free from all control, restraint, interference and authority, direct or indirect, by the other in all respects as fully as if he or she were unmarried. Each may reside at such place or places as he or she may select. Each may, for his or her separate use or benefit, conduct, carry on or engage in any business, occupation, profession or employment that to him or her may seem advisable. This provision shall not be taken, however, to be an admission on the part of either Husband or Wife of the lawfulness of the cause which led to, or resulted in, the continuation of their living apart. Husband and Wife shall not molest, harass, disturb or malign each other or the respective families of each other, nor compel or attempt to compel the other to cohabit or dwell by any means or in any manner whatsoever with him or her. Neither party will interfere with the use, ownership, enjoyment or disposition of any property now owned by or hereafter acquired by the other.

4. <u>MUTUAL CONSENT DIVORCE</u>. Husband has filed an action in divorce in Dauphin County, Pennsylvania to 2012 CV 3981 DC. Said action shall be limited to divorce and neither party may assert any ancillary economic claims otherwise authorized by the Divorce Code, which are specifically waived by the terms of this Agreement. Husband agrees to withdraw any ancillary economic claims asserted in his Complaint. The parties agree that each shall sign and have duly acknowledged an Affidavit of Consent to a divorce and a Waiver of Notice upon the expiration of the waiting period required under the Divorce Code. Said Affidavits and Waivers shall be

Created with Scanner Pro

promptly transmitted to counsel for Husband who will promptly file a Praecipe to Transmit Record for the prompt entry of a decree of divorce.

5. EQUITABLE DISTRIBUTION.

5.1. Personalty. Husband and Wife do hereby acknowledge that they have previously divided their tangible personal property including, but without limitation, jewelry, clothes, furniture, furnishings, rugs, carpets, household equipment and appliances, pictures, books, works of art and other personal property; and hereafter Wife agrees that all of the property in the possession of Husband shall be the sole and separate property of Husband; and Husband agrees that all of the property in the possession of Wife shall be the sole and separate property of Wife, except as set forth in Paragraph 5.2. The parties do hereby specifically waive, release, renounce and forever abandon any claims which either may have with respect to the above items, which shall hereafter be the sole and exclusive property of the other, except as set forth in Paragraph 5.2.

5.2. Christmas Decorations. The parties agree that they will equitably divide the Christmas decorations in November 2012, and that Husband shall remove the Christmas decorations distributed to him on or before December 31, 2012.

5.3. Waiver of Retirement Benefits. Husband and Wife hereby specifically release and waive any and all interest, claim or right that he or she may have to any and all retirement benefits (including pension or profit sharing benefits) or other similar benefits of the other party. The parties further acknowledge and agree that they shall execute any documents pursuant to the Retirement Equity Act or any similar

Created with Scanner Pro

act that may be required from time to time to accomplish the purposes of this Paragraph.

    5.4.   <u>1996 Ford Explorer</u>.  With respect to the 1996 Ford Explorer owned by both of the parties, they agree as follows:

        5.4.1.  The 1996 Ford Explorer shall hereafter be the sole and exclusive property of Wife, free of liens and encumbrances.

        5.4.2.  The parties agree to execute any documents necessary to effectuate the provisions of this Paragraph on the execution date hereof, including Vehicle Sales and Use Tax Returns as necessary to make any conveyances on a tax-free basis if possible.  The said documents shall be delivered to the party entitled to receive same pursuant hereto on distribution date.

    5.5.   <u>Marital Home</u>.  Husband shall make, execute and deliver all documents in the usual form conveying, transferring and granting to Wife all of his right, title and interest in and to the real estate situate at and known as 3205 Elmwood Drive, Harrisburg, Pennsylvania ("Marital Home").  Husband will provide Wife with a deed transferring his interest in the Marital Home at the time Wife refinances the Marital Home into her name alone.

The said conveyance shall be free of all liens and encumbrances except the lien of the existing mortgage and shall be under and subject to any covenants and restrictions of record.  Husband hereby assigns to Wife any and all interest which he may have in any insurance policies covering the real estate, or in proceeds from such policies, or in any prepaid real estate taxes.  Wife hereby guarantees to indemnify

Created with Scanner Pro

Husband and to hold him harmless for any and all payments due in accordance with the terms of the mortgage existing against the property after refinancing. Husband agrees to continue to pay the monthly mortgage amount directly to the mortgage company until Wife refinances.

If Wife is unable to refinance the existing mortgage on the Marital Home within 6 months from the date of the signing of this Agreement, the Marital Home immediately will be listed for sale. Wife shall receive all of the proceeds from the sale of the Marital Home.

5.6.    <u>Real Estate Expenses</u>.  From the date of execution of this Agreement, Wife agrees to assume as her sole obligation any and all mortgage payments, taxes, utility charges, insurance, maintenance, repairs, claims, damages and all other expenses incurred in connection with the Marital Home. Wife further agrees and covenants to hold Husband harmless from any liability or obligation arising from any expense incurred in connection with the said real estate.

5.7.    <u>Exclusive Right of Occupancy of Real Estate</u>.  From the date of execution of this Agreement, Wife shall have the exclusive right to the Marital Home, free of rent without interference or harassment by Husband.

5.8.    <u>Release of Mortgage Liability</u>.  Husband has agreed to convey, transfer and grant to Wife his right, title and interest in the Marital Home. Wife hereby agrees that within six months of the date of this Agreement, she will cause the release of Husband from any liability or obligation on the mortgage note presently existing with respect to said premises and upon which both parties hereto are liable. If Wife is

Created with Scanner Pro

unable to obtain a release of Husband from the mortgage within six months, the home immediately shall be listed for sale. Wife shall retain any and all proceeds from the sale of the Marital Home.

      5.9.  <u>Time Share Properties</u>. The parties acknowledge that they own three Disney Vacation Club time shares. The parties agree that the rights to the Wilderness Lodge time share shall become Wife's sole and exclusive property, and the rights to the Kidani Village and Bay Lake Tower time shares shall become Husband's sole and exclusive property. Each party shall be responsible for all costs associated with the time share(s) distributed to that party, except for the 2012 expenses of the Wilderness Lodge time share, which will be Husband's responsibility.

      5.10.  Children's Book. The parties agree that Wife shall retain the rights and interest in the children's book that she began to write during the marriage. Husband waives any and all interest in and to said children's book.

      5.11.  <u>Business Entities</u>. The parties acknowledge that Husband has interest in the following businesses: GCD Construction, Inc. t/d/b/a Deimler & Sons Construction; GCD Properties, LLC and Gary Deimler & Sons Construction. Any interest in and to said businesses shall be the sole and exclusive property of Husband and Wife hereby waives any and all interest in and to said properties.

      5.12.  <u>SEPARATE ASSETS</u>.

      5.12.1.  *Release:* The parties hereby agree that as to each of their separate assets, as that term is defined herein, the party not having title to or possession of any particular separate asset hereby waives, releases, relinquishes and

Created with Scanner Pro

forever abandons any and all claim therein, and acknowledges that hereafter the party having title to or possession of a separate asset is the sole and exclusive owner thereof.

      5.12.2.     *Limitation to Assets Disclosed:*  The above release is subject to the proviso that it shall be effective only as to those assets disclosed to the other party, although such assets need not be specifically named or disposed of in this Agreement.  Neither party intends by the execution hereof to release any claim which he or she may have in assets which have not been disclosed.

      5.12.3.     *Definition:*  The term "separate asset" is defined for purposes of this Agreement as designating any asset of any kind (whether real, personal or mixed, tangible or intangible) that is presently titled either in the sole name of a party hereto or jointly with one of the parties hereto and a third party or parties.  The term also includes any untitled asset that is presently in the sole possession of one of the parties hereto.  The term shall further include any business interests owned by either party, whether individually or together with a third party or parties.

      5.12.4.     *Indemnification as to Expenses:*  Each of the parties hereby guarantees to indemnify and hold the other harmless from any liability, cost or expense, including attorneys' fees and interest, which either may be in the future or has been previously incurred with respect to the parties' separate assets as defined herein.

    5.13.  <u>CONSIDERATION OF EQUITABLE DISTRIBUTION IN FUTURE HEARINGS</u>.  The parties specifically acknowledge their intent that all transfers of property, including any increase in value of these assets, shall be excluded from income and shall not be given any consideration whatsoever in any proceeding involving the

Created with Scanner Pro

payment of child support, spousal support, alimony pendente lite, maintenance or alimony. The parties acknowledge that the distributions under this paragraph are for equitable distribution of assets and that utilizing these assets or any increase in value of these assets in any manner in the calculation of income is inappropriate.

    5.14.  <u>AFTER-ACQUIRED PROPERTY</u>.  Each of the parties shall hereafter own and enjoy, independently of any claim or right of the other, all items of property, be they real, personal or mixed, tangible or intangible, which are acquired by him or her after execution of this Agreement, with full power in him or her to dispose of the same as fully and effectively, in all respects and for all purposes, as though he or she were unmarried.

    5.15.  <u>PROPERTY OF WIFE</u>.  The parties agree that Wife shall own, possess, and enjoy, free from any claim of Husband, the property awarded to her by the terms of this Agreement. Husband hereby quitclaims, assigns and conveys to Wife all such property, and waives and relinquishes any and all rights thereto, together with any insurance policies covering that property, and any escrow accounts relating to that property. This Agreement shall constitute a sufficient bill of sale to evidence the transfer of any and all rights in such property from Husband to Wife.

    5.16.  <u>PROPERTY OF HUSBAND</u>.  The parties agree that Husband shall own, possess, and enjoy, free from any claim of Wife, the property awarded to him by the terms of this Agreement. Wife hereby quitclaims, assigns and conveys to Husband all such property, and waives and relinquishes any and all rights thereto, together with any insurance policies covering that property, and any escrow accounts relating to that

Created with Scanner Pro

property.  This Agreement shall constitute a sufficient bill of sale to evidence the transfer of any and all rights in such property from Wife to Husband.

5.17.  <u>ASSUMPTION OF ENCUMBRANCES</u>.  Unless otherwise provided herein, each party hereby assumes the debts, encumbrances, taxes and liens on all of the property each will hold subsequent to the date of this Agreement, and each party agrees to indemnify and hold harmless the other party and his or her property from any claim or liability that the other party will suffer or may be required to pay because of such debts, encumbrances or liens.  Each party in possession of property to be awarded to the other party warrants that all dues, fees, assessments, mortgages, taxes, insurance payments and the like attendant to such property are current, or if not current, notice of any arrearage or deficiency has been given to the receiving party prior to the execution of this Agreement.

5.18.  <u>TAXES</u>.  By this Agreement, the parties have intended to effectuate and equitably divide their marital property.  The parties have determined that such division conforms to a right and just standard with regard to the rights of each party.  Except as may be otherwise expressly provided herein, the division of existing marital property is not intended by the parties to constitute in any way a sale or exchange of assets, and the division is being effected without the introduction of outside funds or other property not constituting a part of the marital estate.  As a part of the division of the marital property and the marital settlement herein contained, each party shall receive each item of property at the tax basis that existed for the item immediately before the execution of this Agreement, and that this Agreement is not intended to affect

Created with Scanner Pro

the tax basis or tax status for the property received by the party. The parties agree to save and hold each other harmless from all income taxes assessed against the other resulting from the division of the property as herein provided.

5.19.  LIABILITY NOT LISTED. Each party represents and warrants to the other that he or she has not incurred any debt, obligation or other liability, other than those described in this Agreement, on which the party is or may be liable. A liability not disclosed in this Agreement will be the sole responsibility of the party who has incurred or may hereafter incur it, and each party agrees to pay it as the same shall become due, and to indemnify and hold the other party and his or her property harmless from any and all such debts, obligations and liabilities.

5.20.  INDEMNIFICATION OF WIFE. If any claim, action or proceeding is hereafter initiated seeking to hold Wife liable for the debts or obligations assumed by Husband under this Agreement, Husband will, at his sole expense, defend Wife against any such claim, action or proceeding, whether or not well-founded, and indemnify her and her property against any damages or loss resulting therefrom, including, but not limited to, costs of court and attorney's fees incurred by Wife in connection therewith.

5.21.  INDEMNIFICATION OF HUSBAND. If any claim, action or proceeding is hereafter initiated seeking to hold Husband liable for the debts or obligations assumed by Wife under this Agreement, Wife will, at her sole expense, defend Husband against any such claim, action or proceeding, whether or not well-founded, and indemnify him and his property against any damages or loss resulting

Created with Scanner Pro

therefrom, including, but not limited to, costs of court and attorney's fees incurred by Husband in connection therewith.

     5.22.  <u>WARRANTY AS TO FUTURE OBLIGATIONS</u>.  Except as set forth in this Agreement, Husband and Wife each represents and warrants to the other that he or she has not in the past or will not at any time in the future incur or contract any debt, charge or liability for which the other, the other's legal representatives, property or estate may be responsible.  From the date of execution of this Agreement, each party shall use only those credit cards and accounts for which that party is individually liable and the parties agree to cooperate in closing any remaining accounts that provide for joint liability.  Each party hereby agrees to indemnify, save and hold the other and his or her property harmless from any liability, loss, cost or expense whatsoever incurred in the event of breach hereof.

     5.23.  <u>RELEASE OF CLAIMS</u>.  Wife and Husband acknowledge and agree that the property dispositions provided for herein constitute an equitable distribution of their assets and liabilities pursuant to Section 3502 of the Divorce Code. Wife and Husband hereby waive any right to division of their property except as provided for in this Agreement.  Furthermore, except as otherwise provided for in this Agreement, each of the parties hereby specifically waives, releases, renounces and forever abandons any claim, right, title or interest whatsoever he or she may have in property transferred to the other party pursuant to this Agreement or identified in this Agreement as belonging to the other party, and each party agrees never to assert any claim to said property or proceeds in the future.  The parties hereby expressly release

Page 13 of 21

Created with Scanner Pro

and relinquish, each to the other, every claim, demand, right and interest he or she may have in or against the other, or against his or her estate, together with any income or earnings thereon, arising from and during the marriage and of or from any other reason growing out of the marital relationship. However, neither party is released or discharged from any obligation under this Agreement nor any instrument or document executed pursuant to this Agreement. Husband and Wife shall hereafter own and enjoy independently of any claim or right of the other, all items of personal property, tangible or intangible, acquired by him or her from the date of execution of this Agreement with full power in him or her to dispose of the same as fully and effectively, in all respects and for all purposes, as though he or she were unmarried.

6. <u>ALIMONY</u>.

6.1. <u>Amount and Duration</u>. After Wife refinances the Marital Home, Husband shall pay Wife the sum of $1700 per month until December 1, 2018. Said payments shall be made on a weekly basis via direct deposit in the amount of Three Hundred Ninety Two Dollars and Thirty One Cents ($392.31). However, Husband's obligation to make such payments shall terminate upon the first to occur of the following events: (a) Wife's death; (b) Wife's remarriage or cohabitation; or (c) Husband's death.

6.2. <u>Waiver of Modification of Alimony</u>. Each party acknowledges that the current rate of inflation may change, that the other party's income and assets (including from inheritance) may substantially change in value, that their health and employment status may change in the future, and that, notwithstanding these or other economic circumstances which may be changes in circumstances of a substantial and

Created with Scanner Pro

continuing nature, the alimony payments provided for in this Agreement are fair, just and reasonable. Therefore, except for the payments made pursuant to this Paragraph 6, and notwithstanding anything to the contrary contained in the Divorce Code, or otherwise: (i) each party does hereby expressly waive, discharge and release any and all rights and claims which he or she may have now or hereafter by reason of the parties' marriage to alimony, alimony pendente lite, support and/or maintenance or any other benefits resulting from the parties' status as Husband and Wife; and (ii) the provisions of this Paragraph 6 shall not be modifiable and each party shall not seek such a modification, it being specifically agreed that the payments provided for in this Paragraph 6 represent a final determination of either party's obligation to contribute to the other party's support and/or maintenance. In the event that either party nevertheless seeks such a modification, such action shall be a breach of this Agreement and the party seeking the modification shall exonerate and indemnify the other party against and hold the other party harmless from any loss resulting from such action, including for reasonable counsel fees.

   6.3. <u>Deductible by Payor, Taxable to Recipient</u>.  This Agreement has been negotiated on the assumption that the payments described in this Paragraph 5 shall be deductible by Husband and includible in the income of Wife. Therefore, it is the intention, understanding and agreement of the parties that the payments described in this Paragraph 6 shall constitute "alimony" as that term is defined in Section 71 of the Internal Revenue Code and that, accordingly, all such payments shall be includible in Wife's gross income and deductible by Husband for federal income tax purposes

Created with Scanner Pro

pursuant to Sections 71 and 215 of the Internal Revenue Code. Wife must report payments received under this Paragraph in her gross income for federal and, if applicable, for local and state income tax purposes. Wife shall be solely responsible for income taxes with respect to those payments. If Wife should fail to report these payments on her tax returns as required by this Paragraph, Wife shall exonerate and indemnify Husband against and hold Husband harmless from any expenses and/or liability, including reasonable counsel and accountants' fees, arising from that failure.

       7.    <u>MODIFICATION</u>.  No modification, rescission, or amendment to this Agreement shall be effective unless in writing signed by each of the parties hereto.

       8.    <u>SEVERABILITY</u>.  If any provision of this Agreement is held by a court of competent jurisdiction to be void, invalid or unenforceable, the remaining provisions hereof shall nevertheless survive and continue in full force and effect without being impaired or invalidated in any way.

       9.    <u>BREACH</u>.  If either party hereto is in breach of any provision hereof, the other party shall have the right, at his or her election, to sue for damages for such breach, or seek such other remedies or relief as may be available to him or her. The non-breaching party shall be entitled to recover from the breaching party all reasonable costs, expenses and legal fees actually incurred in the enforcement of the rights of the non-breaching party.

       10.    <u>WAIVER OF BREACH</u>.  The waiver by one party of any breach of this Agreement by the other party will not be deemed a waiver of any other provision of this Agreement.

Created with Scanner Pro

11. <u>NOTICE</u>. Any notice to be given under this Agreement by either party to the other shall be in writing and may be affected by registered or certified mail, return receipt requested.

12. <u>APPLICABLE LAW</u>. All acts contemplated by this Agreement shall be construed and enforced under the laws of the Commonwealth of Pennsylvania.

13. <u>EFFECT OF RECONCILIATION OR RECONCILIATION ATTEMPT</u>. This Agreement shall remain in full force and effect even if the parties reconcile, cohabit as husband and wife, or attempt to reconciliation. This Agreement shall continue in full force and effect and there shall be no modification or waiver of any of the terms hereof unless the parties, in writing, signed by both parties, execute a statement declaring this Agreement or any term of this Agreement to be null and void.

14. <u>DATE OF EXECUTION</u>. The "date of execution" or "execution date" of this Agreement shall be defined as the date upon which the parties signed the Agreement if they do so on the same date, or if not on the same date, then the date on which the Agreement was signed by the last party to execute this Agreement. This Agreement shall become effective and binding upon both parties on the execution date.

15. <u>HEADINGS NOT PART OF AGREEMENT</u>. Any headings preceding the text of the several paragraphs and subparagraphs hereof are inserted solely of convenience of reference and shall not constitute a part of this Agreement nor shall they affect its meaning, construction or effect.

16. <u>AGREEMENT BINDING ON PARTIES AND HEIRS</u>. This Agreement, except as otherwise expressly provided herein, shall bind the parties hereto and their

Created with Scanner Pro

respective heirs, executors, administrators, legal representatives, assigns, and successors in any interest of the parties.

17.    ENTIRE AGREEMENT.  Each party acknowledges that he or she has carefully read this Agreement, including other documents to which it refers; that he or she has discussed its provisions with an attorney of his or her own choice, and has executed it voluntarily and in reliance upon his or her own attorney; and that this instrument expresses the entire agreement between the parties concerning the subjects it purports to cover and supersedes any and all prior agreements between the parties. This Agreement should be interpreted fairly and simply, and not strictly for or against either of the parties.

18.    MUTUAL COOPERATION.  Each party shall on demand execute and deliver to the other any deeds, bills of sale, assignments, consents to change of beneficiaries of insurance policies, tax returns, and other documents, and shall do or cause to be done every other act or thing that may be necessary or desirable to effectuate the provisions and purposes of this Agreement.  If either party unreasonably fails on demand to comply with these provisions, that party shall pay to the other party all attorney's fees, costs, and other expenses reasonably incurred as a result of such failure.

19.    AGREEMENT NOT TO BE MERGED.  This Agreement shall remain in full force and effect in the event of the parties' divorce.  This Agreement shall not be merged into said decree.  The parties shall have the right to enforce this Agreement under the Divorce Code of 1980, as amended, and in addition, shall retain any remedies

Created with Scanner Pro

in law or in equity under this Agreement as an independent contract. Such remedies in law or equity are not waived or released by this Agreement.

IN WITNESS WHEREOF, the parties hereto set their hands and seals on the dates of their acknowledgments.

_____
WITNESS

_____
Melissa I. Deimler, Wife

_____
WITNESS

_____
Craig B. Deimler, Husband

Created with Scanner Pro

COMMONWEALTH OF PENNSYLVANIA        :
                                    :
COUNTY OF ___Dauphin___             :

      BEFORE ME, the undersigned authority, on this day personally appeared

MELISSA I. DEIMLER, known to me to be the person who executed the foregoing

instrument, and who acknowledged to me that she executed same for the purposes and

considerations therein expressed.

      GIVEN UNDER MY HAND AND SEAL OF OFFICE this 7th day of _December_,

2012.

_Allison Christina Gossett_
Notary Public

NOTARIAL SEAL
ALLISON CHRISTINA GOSSETT
Notary Public
SUSQUEHANNA TWP, DAUPHIN COUNTY
My Commission Expires Dec 28, 2015

Created with Scanner Pro

COMMONWEALTH OF PENNSYLVANIA :

COUNTY OF _DAUPHIN_ :

    BEFORE ME, the undersigned authority, on this day personally appeared CRAIG

B. DEIMLER, known to me to be the person who executed the foregoing instrument,

and who acknowledged to me that he executed same for the purposes and

considerations therein expressed.

    GIVEN UNDER MY HAND AND SEAL OF OFFICE this 19th day of December,

2012.

_____

Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
ELIZABETH S. BECKLEY, Notary Public
City of Harrisburg, Dauphin County
My Commission Expires March 17, 2013

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
ELIZABETH S. BECKLEY, Notary Public
City of Harrisburg, Dauphin County
My Commission Expires March 17, 2013