IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| CRAIG BRADLEY DEIMLER : | CASE NO. 1:20-bk-00841-HWV |
| WILLIAM OLIVER FISHER-DEIMLER : | |
| a/k/a WILLIAM OLIVER FISHER DEIMLER : | CHAPTER 13 |
| f/k/a WILLIAM OLIVER FISHER : | |
|     Debtors : | |
| : | |
| CRAIG BRADLEY DEIMLER : | |
| WILLIAM OLIVER FISHER-DEIMLER : | |
| a/k/a WILLIAM OLIVER FISHER DEIMLER : | |
| f/k/a WILLIAM OLIVER FISHER : | |
|     Movants : | |
| : | |
|     v. : | |
| : | |
| JACK N. ZAHAROPOULOS, ESQUIRE, : | |
| DAUPHIN COUNTY TAX CLAIM BUREAU : | |
|     Respondents : | |

## ORDER

Upon consideration of Debtor's Motion to Sell Real Estate Free and Clear of Liens Re: Elmwood Drive Property, and it appearing that no Objection or Answer was filed to the Motion by the time set forth in an Order, good reason appearing therefore, no objections appearing thereto, it is hereby declared that the Buyer (and/or its designee) is a good faith purchaser for purposes of Section 363(m) and (n) and for purposes of *In re Abbotts Dairies of Pennsylvania Inc.*, 788 F.2d 143 (3rd Cir. 1986);

**IT IS HEREBY ORDERED AND DECREED** that Federal Bankruptcy Rule 6004(g) is not applicable, and the real property may be sold and purchased immediately upon entry of Order of Court approving same and that the sale of real estate at 3205 Elmwood Drive, Harrisburg, Dauphin County, Pennsylvania, free and clear of liens, including pool furniture, desk unit and

cabinets in office, kitchen appliances, including refrigerator, and washer and dryer, to Karen Peiffer for $291,900.00 is approved and distribution of the proceeds as set forth below shall be permitted:

1. The proceeds of sale must be used to satisfy in full the two mortgage liens held by M&T Bank on the real property. Until such satisfaction in full, the real property is not free and clear of those two liens. The amount necessary to satisfy each mortgage lien is subject to change based on the actual closing date, and an updated payoff figure will be provided by the holder of the mortgages prior to closing.

2. Payment of all closing costs for which Debtors are liable.

3. Payment of attorneys fees in the amount of $3,500.00, to be applied to Debtors' costs and Attorney fees, billed on an hourly basis, and approved by the Bankruptcy Court.

4. Payment of any and all other miscellaneous fees involved with the sale.

5. Payment of any other liens and mortgages.

6. As long as same is a valid lien on subject real estate, payment in full of Dauphin County Tax Claim Bureau, if any, or else the sale will not occur.

7. Payment to Melissa Irene Deimler of $43,850.00 per Second Amendment to Marital Settlement Agreement.

8. If there are net proceeds remaining after paying all the costs, fees and liens set forth in the preceding paragraphs, then payment to the Debtors up to the total amount of the exemption in subject real estate. The total exemption pursuant to Debtors' Schedules is $855.00.

9. If there are net proceeds remaining after paying all the costs, fees and liens set forth in the preceding paragraphs, then payment to Trustee Jack N. Zaharopoulos in an amount up to the amount necessary to fully fund the Plan, less any amount otherwise payable to a secured creditor pursuant to Debtors' Plan, which is, in fact, paid at settlement.

10. If there are net proceeds remaining after paying all of the costs, fees and liens set forth in the preceding paragraphs, then payment of any and all attorney fees owed to Debtors' counsel for representation in the above matter and which have been previously approved by the Court.

11. If there are net proceeds remaining after paying all the costs, fees and liens set forth in the preceding paragraphs, then the remaining balance, if any, shall be distributed to the Debtors.